## DODGE *versus* GREELEY.

In a conditional contract, if there be a failure to perform by one of the parties, the other may retract.

The condition need not be *expressed ;* it may be *implied* from the nature of the transaction.

A writ from the District Court having been issued on a note of more than twenty dollars, the plaintiff received from the debtor, and indorsed, a sum which would reduce the debt to less than twenty dollars, upon a condition that the balance should be paid before the return day of the writ, but such balance was not paid. *Held,* the plaintiff might lawfully erase the indorsement.

Though an inadmissible deposition may have been received, yet if its contents be not of a character to operate against the excepting party, the verdict will not be disturbed on that account. A party has no ground of complaint, if he be not injured.

TRESPASS. One Healy had sued Dodge in the District Court upon a note, on which was then due about $21. Greeley had charge of the note, as agent for Healy. After the commencement of that suit, and before the entry of the action in court, Dodge paid Greeley $5, which Greeley indorsed on the note. Soon afterwards, Greeley erased the indorsement, and offered to repay the $5 to Dodge. Healy recovered over twenty dollars with full costs. For making that erasure, thereby exposing Dodge to a judgment for full costs, this action is brought.

The defence was that the $5 were received and indorsed, upon a conditional agreement that the residue of the note should be paid, with costs, before entry of the action. Upon that fact, evidence was presented to the jury.

The plaintiff objected to a deposition offered by the defend-

ant, because the caption did not state that the deponent was " first sworn." It was however admitted.

The Judge instructed the jury, *that*, if the $5 were received and indorsed on a condition that the residue and the cost should be paid before court, and the payment was not so made, the defendant had a right to erase the indorsement; *that* if the defendant agreed to receive the $5, and indorse it, if the plaintiff would pay the balance and cost before court, it was not necessary that the word " *condition*," should be used to make it a conditional contract, from which the one party might be relieved by the neglect of the other to perform it on his part.

Instruction was requested, by the plaintiff, that the simple fact of the plaintiff's agreeing to pay the residue before the session of the court and then failing to do it, would not justify the erasure, *unless* the indorsement was made on that condition *expressed*.

Such instruction was not given.

Verdict for defendant. Exceptions by plaintiff.

*Gould*, for plaintiff.

*Lowell*, for defendant.

WELLS, J., orally. —

The general principle is that, in a conditional contract, if there be but a partial performance by one party, the other may retract. The plaintiff failed as to his part, and cannot complain of the erasure. He had no right to be benefited by his own wrong.

There was nothing illegal in withholding the requested instructions. An agreement may, without *direct* and *specific* terms, embrace all that the request contemplated. The right to erase might be *implied* from the nature of the transaction.

Whether the deposition was wrongfully admitted, need not be decided; because its contents had no tendency to prove the issue for the defendant. A party has no ground of complaint, if he has not been injured.

*Exceptions overruled.*